NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3418

TIMOTHY A. MOORE,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Daniel Minahan, Minahan and Shapiro, P.C., of Lakewood, Colorado, for petitioner.

Tara J. Kilfoyle, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were Peter D. Keisler, Assistant Attorney General, and Todd M. Hughes, Assistant Director.

Appealed from: United States Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3418

TIMOTHY A. MOORE,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

_____

DECIDED: July 11, 2007

_____

Before MICHEL, <u>Chief Judge</u>, and BRYSON and DYK, <u>Circuit Judges</u>.

PER CURIAM.

Timothy A. Moore ("Moore") appeals from the decision of the Merit Systems Protection Board ("Board") in AT0752050396-I-1, dismissing his appeal of his removal action as moot.  We <u>affirm-in-part, reverse-in part and remand</u>.

BACKGROUND

Moore was employed as a police officer with the Department of Veterans' Affairs ("VA") until he was placed on desk duty in 2004 and then removed from his position effective February 5, 2005.  The VA's stated reason for these actions was Moore's allegedly false response to a 2003 questionnaire where Moore stated that he was not

delinquent on any loan or financial obligation. Moore appealed his removal to the Board, alleging in part that the VA never issued a Notice of Proposed Removal. After the VA stated to the administrative judge ("AJ") that it would rescind the removal, place Moore on administrative leave status, and award back pay and benefits, the AJ dismissed the appeal as moot. Moore petitioned the full Board for review of the AJ's dismissal.

The full Board affirmed the AJ's dismissal of the appeal as moot, but on different grounds than the AJ's Initial Decision. The Board noted that Board jurisdiction cannot be divested based on mootness unless the appellant has already received all the relief sought, i.e. unless it is impossible for the Board to grant any further effectual relief. The Board found that the AJ erred in dismissing the appeal as moot because the agency had not returned Moore to the status quo ante, because it had placed him on administrative leave only, rather than returning him to his duties as a police officer. However, the Board found that, after the AJ's dismissal and after the agency proposed to take a second removal action against Moore, which was effective February 5, 2005, Moore signed an agreement, agreeing to accept a demotion and not to contest that demotion action. The Board also found that Moore acknowledged that he was placed in the new position. Because of the agreement, the Board found it could no longer grant effectual relief by returning Moore to his Police Officer position.

The Board also rejected Moore's argument that the appeal was not moot because the agency did not pay him overtime and premium pay. The Board reasoned that Moore was not entitled to such pay because he was on desk duty for five months prior to his removal and thus was not eligible for overtime or premium pay, and

therefore that "the appellant has not made a nonfrivolous allegation that he was entitled to overtime and premium pay." Moore v. Dep't of Veterans Affairs, No. AT0752050396-I-1, at *5 (M.S.P.B. Aug. 15, 2006). Finally, the Board rejected Moore's argument that the appeal was not moot because Moore was unable to determine whether the agency paid him the correct amount of back pay with interest. The Board found that Moore's allegation constituted an admission that he received back pay during the relevant period, and that "the appellant has failed to make a nonfrivolous allegation that receipt of outstanding back pay is a remedy still available to him in this case." Id.

Moore timely filed a petition for review of the Board's decision with this court. On May 3, 2007, we ordered the government to provide Moore an explanation of its calculation of the amount of back pay due him for the relevant period of February 5, 2005 (the effective date of his removal) to April 1, 2005 (the date he was reinstated on administrative leave), assuming he was not entitled to overtime and premium pay. The government provided the required information by letter on May 29, 2007. In a supplemental statement filed June 11, 2007, Moore maintained that there continued to be an issue concerning the correctness of the back pay computation because (1) he claimed he was not paid interest on his back pay; (2) health insurance was improperly deducted from his back pay; (3) his retirement contributions were not properly computed and reimbursed; (4) he is not sure he was credited with sick leave and annual leave he would have earned during the relevant period. The government responded in a supplemental brief filed June 11, 2007, stating that all interest due was paid by check on May 31, 2007, and offering to refund Moore's insurance premiums for the relevant period if he so wished. The government also argued that Moore's arguments

2006-3418

3

concerning retirement contributions and sick and annual leave were waived because they were not presented to the Board. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2006).

## DISCUSSION

The Board's decision must be affirmed unless it is found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2006); Yates v. Merit Sys. Prot. Bd., 145 F.3d 1480, 1483 (Fed. Cir. 1998).

We see no error in the Board's determination that the settlement agreement that Moore signed precludes him from being reinstated into the Police Officer position. To the extent Moore seeks on appeal to have his removal vacated, the Board properly determined that this relief is no longer available. Moore also argues that he should not be held to the terms of the settlement because he would not have been forced to sign the settlement agreement if the AJ had not erroneously dismissed his appeal as moot. Moore did not challenge the voluntariness of the settlement agreement before the Board, and therefore may not do so on appeal. See Sargent v. Dep't of Health & Human Servs., 229 F.3d 1088, 1091 (Fed. Cir. 2000) (holding that the issue of the voluntariness of a settlement agreement is waived on appeal if not raised before the Board). We also agree with the Board that Moore is not entitled to overtime or premium pay for the relevant period (between February 5, 2005 and April 1, 2005) since he was not entitled to such pay in the position that he occupied before his removal.

2006-3418

4

However, we cannot agree with the Board that Moore's admission that he received back pay eliminates any live controversy on the question and thus renders the case moot. As the party seeking dismissal of the case as moot, the government bears the "heavy burden of establishing mootness." Apotex, Inc. v. Thompson, 347 F.3d 1335, 1345 (Fed. Cir. 2003) (citing Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 189 (2000)). The Board merely pointed to Moore's admission that he received back pay to satisfy this burden. Moore's admission does not establish that the case is moot, and there continues to be a live controversy regarding the correctness of the amount of back pay that was paid.

With regard to interest, the government correctly determined the amount of interest due ($2.52) and paid it by check on May 31, 2007. The controversy with regard to interest is therefore no longer live. However, there continues to be a live controversy on whether the back pay computation was correct, limited exclusively to health insurance deductions, retirement credits, and sick and annual leave. We therefore remand to the AJ to resolve these questions on the merits. While we remand for this limited purpose, we encourage the parties to work together to settle the remaining dispute. In holding that the case is not moot, we express no view on the merits of the continuing controversy, including the government's arguments that the petitioner waived certain claims by failing to properly raise them before the Board in the first instance.

Accordingly, the Board's decision is affirmed-in-part, reversed-in-part, and remanded.

No costs.

2006-3418