# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

BRETT A. BARNHART,
         Appellant,

      v.

DEPARTMENT OF THE ARMY,
         Agency.

DOCKET NUMBER
CH-0752-15-0082-I-3

DATE: March 9, 2016

# THIS ORDER IS NONPRECEDENTIAL[1]

Carl Eric Owen, Rupert, Idaho, for the appellant.

Shannon McCurdy, Esquire, Rock Island, Illinois, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed his appeal as moot. For the reasons discussed below, we GRANT the petition for review and REMAND the case to the regional office for further adjudication in accordance with this Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2        The appellant filed a Board appeal challenging his removal from service. *Barnhart v. Department of the Army*, MSPB Docket No. CH-0752-15-0082-I-1, Initial Appeal File (IAF), Tab 1. Among other things, he alleged that the agency violated his due process rights. IAF, Tab 15 at 1. Thereafter, the agency notified the Board that it was rescinding the removal and providing status quo ante relief. IAF, Tab 16, Initial Decision at 2. The administrative judge dismissed the appeal in January 2015 without prejudice to provide the agency time to effectuate the rescission. *Id*. at 3.

¶3        After automatic refiling of the appeal in April 2015, the agency requested dismissal with prejudice, alleging that it had restored the appellant to the status quo ante. *Barnhart v. Department of the Army*, MSPB Docket No. CH-0752-15-0082-I-2, Refiled Appeal File (I-2 RAF), Tab 1, Tab 4 at 4. The administrative judge denied the request, finding a few issues unresolved. I-2 RAF, Tab 7 at 6-9. Citing the agency's efforts to fully rescind the removal and return the appellant to the status quo ante, the administrative judge dismissed the appeal without prejudice a second time. I-2 RAF, Tab 10, Initial Decision at 3-4.

¶4        After automatic refiling of the appeal in July 2015, the agency again requested dismissal with prejudice, alleging that it had resolved any prior deficiencies and fully restored the appellant to the status quo ante. *Barnhart v. Department of the Army*, MSPB Docket No. CH-0752-15-0082-I-3, Refiled Appeal File (I-3 RAF), Tab 1, Tab 7 at 4. Over the appellant's objections, I-3 RAF, Tabs 11-13, the administrative judge dismissed the removal appeal as moot, I-3 RAF, Tab 14, Initial Decision (I-3 ID). The administrative judge concluded that the agency had rescinded the appellant's removal and provided him status quo ante relief. I-3 ID at 3-15.

¶5      The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response,[2] and the appellant has replied.  PFR File, Tabs 3-4.

¶6      Even though an action may be within the Board's jurisdiction, subsequent events may render an appeal moot and foreclose the Board's review.  *Price v. U.S. Postal Service*, 118 M.S.P.R. 222, ¶ 8 (2012).  An agency's unilateral modification of its personnel action after an appeal has been filed cannot divest the Board of jurisdiction, unless the appellant consents to such divestiture or the agency completely rescinds the action being appealed.  *Id*.  For an appeal to be deemed moot, the agency's rescission must be complete, i.e., the appellant must be returned to the status quo ante and not left in a worse position as a result of the cancellation than he would have been in if the matter had been adjudicated and he had prevailed.  *Id*.  If an appeal is not truly moot despite cancellation of the action under appeal, the proper remedy is for the Board to retain jurisdiction and to adjudicate the appeal on the merits.  *Id*.

We remand for further adjudication concerning the appellant's overtime and placement on administrative leave.

*Overtime for October 21 – December 31, 2014*

¶7      Below, the appellant argued that status quo ante relief required that the agency provide him overtime pay for August 19 to December 31, 2014.  *See, e.g*., I-3 RAF, Tab 11 at 5.  The administrative judge properly found that the Board cannot award overtime for the period ending October 20, 2014, immediately preceding the appellant's removal, because placement on administrative leave is not an appealable action.  I-3 ID at 12-13; *see Mattern v. Department of the Treasury*, 88 M.S.P.R. 65, ¶¶ 10-16 (2001), *aff'd*, 291 F.3d 1366 (Fed. Cir. 2002).

---

[2] In its response, the agency has relied on Board initial decisions.  *See, e.g*., PFR File, Tab 3 at 10 (referencing *Revak v. Department of the Interior*, MSPB Docket No. DE-0752-12-0265-C-1, Initial Decision (Jan. 24, 2013)).  However, such reliance is misplaced because initial decisions have no precedential value.  *Rockwell v. Department of Commerce*, 39 M.S.P.R. 217, 222 (1988); 5 C.F.R. § 1201.113.

However, as the appellant observes in his petition for review, the administrative judge failed to address any entitlement to overtime from October 21 to December 31, 2014. PFR File, Tab 1 at 13-14.

¶8    Where an agency imposes an adverse action on an employee, but then attempts to rescind that action, the rescission is incomplete and the Board retains jurisdiction if the employee was denied an opportunity to work overtime during the period he was affected by the adverse action. *Harris v. Department of the Army*, 52 M.S.P.R. 87, 89-90 (1991); 5 C.F.R. § 550.805(a)(2); *cf. Moore v. Department of Veterans Affairs*, 102 M.S.P.R. 689, ¶ 11 (2006) (finding that an appellant was not entitled to overtime pay for the removal period because he had been placed on desk duty, with no overtime, during the 5 months leading up to the removal), *rev'd on other grounds*, 245 F. App'x 961 (Fed. Cir. 2007).[3]  The appellant has alleged that he would have earned overtime if he had been working from October 21 to December 31, 2014, and he has alleged that the agency refused to provide him with overtime records for that period. I-3 RAF, Tab 11 at 5. For the first time on review, the agency submitted a declaration from an agency official, stating that the appellant would not have earned any additional overtime during this period. PFR File, Tab 3 at 12-13. However, the record does not include further information, such as the appellant's prior history of overtime, or overtime records of similarly situated employees. *See generally Rittgers v. Department of the Army*, 123 M.S.P.R. 31, ¶ 13 (2015) (requiring that overtime back pay be computed based on the method that would most nearly

---

[3] Citing an initial decision that has no precedential value, the agency essentially argues that *Moore* supports a finding that the appellant is not entitled to overtime during the removal period because he was on administrative leave, and not accruing overtime, during the period immediately preceding his removal. PFR File, Tab 3 at 10. We disagree. Although *Moore* presents a unique exception, status quo ante relief generally includes overtime, even if an agency placed an employee on administrative leave pending its adverse action. *See Rittgers v. Department of the Army*, 123 M.S.P.R. 31, ¶¶ 12-13 (2015) (recognizing that, while an appellant is entitled to overtime back pay for a canceled adverse action, the Board lacks jurisdiction to award back pay for overtime lost during periods of administrative leave preceding that action).

place the appellant in the status quo ante, which may include basing the calculation on either the appellant's own overtime history or the average overtime hours worked by similarly situated employees during the relevant time period).

¶9  Because there remains a genuine factual dispute as to whether the agency has paid the appellant the appropriate amount of overtime back pay from October 21 to December 31, 2014, this matter must be addressed and resolved before the appeal can be properly dismissed as moot. *See Stempihar v. U.S. Postal Service*, 106 M.S.P.R. 115, ¶ 14 (2007).  This sort of factual determination is appropriately made in the first instance by the administrative judge. *Id.*  On remand, the administrative judge should permit the parties to engage in discovery, as necessary, to address the appellant's claim of lost overtime for this period.

*Administrative Leave Following Rescission of the Removal Action*

¶10  The appellant reasserts that his removal appeal was not moot because the agency placed him on administrative leave rather than returning him to duty, and the administrative judge erred in concluding otherwise.  PFR File, Tab 1 at 3, 10-13; *see* I-3 ID at 3-4.  We find that further adjudication is required to determine whether the Board can provide any relief.

¶11  In most instances, status quo ante relief requires placing an employee back in a duty status. *See, e.g.*, *Rauccio v. U.S. Postal Service*, 44 M.S.P.R. 243, 245 (1990).  An exception does exist in cases where an appellant was in a nonduty status prior to the rescinded action for reasons unrelated to the action being appealed. *E.g.*, *Sherrod v. Department of the Navy*, 90 M.S.P.R. 347, ¶¶ 16-18 (2001).  The administrative judge relied on that exception, noting that the appellant was on administrative leave during the 2 months immediately preceding his removal.  I-3 ID at 4.  However, that reliance was misplaced; the appellant's nonduty status prior to the rescinded action was for reasons related to the action being appealed.  IAF, Tab 3, Subtabs 4m-4q.

¶12  Although the administrative judge erred in concluding that the agency had properly placed the appellant on administrative leave after cancelling his removal,

the matter may now be moot because the agency has removed the appellant a second time.[4]  *See Dellera v. Department of Housing & Urban Development*, 65 M.S.P.R. 636, 642 (1994) (finding an appeal moot despite the possibly improper placement of an employee on administrative leave following rescission of a removal action because the agency had removed the employee a second time, precluding any effective relief), *aff'd*, 82 F.3d 434 (Fed. Cir. 1996) (Table), *overruled on other grounds by Haskins v. Department of the Navy*, 106 M.S.P.R. 616 (2007).  However, the matter is not moot if the appellant lost overtime pay due to his improper placement on administrative leave.  *See Rauccio*, 44 M.S.P.R. at 245 (finding an appeal was not moot where the appellant was placed on administrative leave pending a new removal action and may not have received night differential pay during this administrative leave period).  On remand, the administrative judge should permit the parties to engage in discovery, as necessary, to address any pay lost as a result of the agency placing the appellant on administrative leave following rescission of its initial removal action.

The appellant has shown no other error in the agency's restoration of back pay, interest, and Thrift Savings Plan (TSP) contributions.

¶13     The administrative judge concluded that the agency met its burden of proving that it properly credited the appellant's back pay, interest, and TSP account.  I-3 ID at 4-8.  On review, the appellant has alleged that the agency failed to provide a "clear and understandable" explanation of its computations.  PFR File, Tab 1 at 8-9.  We find that his argument provides no basis for further disturbing the initial decision.

¶14     As discussed in the initial decision, the agency presented substantial evidence of the appellant's restoration, including documentation concerning his

---

[4] The agency removed the appellant a second time, in November 2015, and the appellant's challenge of that removal is being adjudicated separately under MSPB Docket No. CH-0752-16-0100-I-1.

back pay, interest, leave, and TSP contributions for the removal period, October 21, 2014, to January 21, 2015. I-2 RAF, Tab 4 at 17-20, 22-24, 28-39, 41-50; I-3 RAF, Tab 3 at 3-12. Among other things, that documentation included a correction to the initial back pay, interest, and TSP contributions to account for the appellant's 1% salary increase, effective during the middle of the removal period. I-2 RAF, Tab 4 at 40-43. In addition to its detailed accounting, the agency provided statements from the officials responsible for restoring the appellant, explaining the steps taken to do so. *Id*. at 13-16, 52-55, 66-68; I-3 RAF, Tab 7 at 6. Although restoration may have been somewhat complicated, we find no merit to the appellant's argument, and we discern no basis for further disturbing the administrative judge's findings concerning back pay, interest, and TSP contributions. I-3 ID at 4-8; *see generally Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992) (observing that a petition for review must contain sufficient specificity to enable the Board to ascertain whether there is a serious evidentiary challenge justifying a complete review of the record); *Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133 (1980) (reflecting that before the Board will undertake a complete review of the record, the petitioning party must explain why the challenged factual determination is incorrect, and identify the specific evidence in the record which demonstrates the error), *review denied*, 669 F.2d 613 (9th Cir. 1982) (per curiam).

The administrative judge did not exhibit bias or improperly engage in ex parte communication with the agency.

¶15      The appellant alleges that the administrative judge exhibited bias by permitting the agency an inordinate amount of time to rescind the removal action. PFR File, Tab 1 at 2, 5-7. He also asserts that the administrative judge improperly engaged in ex parte communication with the agency. *Id*. at 4-5. We disagree.

¶16      In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies

administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

¶17    The agency expressed its intentions of rescinding the removal action in January 2015. IAF, Tab 16 at 2. Although it did not amount to a complete rescission, the agency provided a significant amount of relief within a month, including approximately $20,000 in gross back pay. *See, e.g.*, I-2 RAF, Tab 4 at 14, 35, 38. The agency submitted its final evidence of rescission in July 2015. I-3 RAF, Tab 7. Despite the appellant's characterization of this as an inordinate amount of time to effectuate the rescission, we find no merit to his assertion that the administrative judge exhibited bias by engaging the parties in a back and forth over those months in an attempt to complete the rescission.[5] *See generally Price*, 118 M.S.P.R. 222, ¶¶ 7, 10 (discounting allegations that the administrative judge should have held a hearing on the merits rather than permitting 5 months of back and forth to effectuate a voluntary and complete rescission of the appealable adverse action in order to dismiss the appeal as moot).

¶18    Concerning his allegations of improper ex parte communications, the appellant seems to suggest that it was improper for the administrative judge to

---

[5] Although the appellant's argument suggests that the administrative judge should have held a hearing on the merits rather than waiting for the agency's July 2015 evidence of rescission, the appellant indicated that he was not yet prepared for a hearing as of June 2015. *Compare* I-2 RAF, Tab 7 at 6-9 (scheduling a hearing on the merits for June 17, 2015, because the agency had yet to fully rescind the removal action), *with* I-2 RAF, Tab 8 at 2 (the appellant's request for a 2-week delay on the scheduled June 17, 2015 hearing for additional preparation).

accept the agency's July 10 and 13, 2015 pleadings.[6]  PFR File, Tab 1 at 4-5; I-3 RAF, Tabs 2-3.    However, we find no basis for concluding that these pleadings, which were provided to the appellant and made part of the record, constitute ex parte communications.  I-3 RAF, Tabs 2-3; *see* 5 C.F.R. § 1201.101 ("An ex parte communication is an oral or written communication between a decision-making official of the Board and an interested party to a proceeding, when that communication is made without providing the other parties to the appeal with a chance to participate.").  Moreover, even if the agency's submission of those pleadings did amount to ex parte communication, the appellant has shown no resulting harm.  *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision); *see also Martinez v. U.S. Postal Service*, 89 M.S.P.R. 152, ¶ 24 (2001) (applying the harmless error standard to an allegation of improper ex parte communication).

## ORDER

¶19    For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.

---

[6] The appellant refers to a pleading dated July 10, 2014, PFR File, Tab 1 at 4, but it is apparent that he intended to refer to the pleading dated July 10, 2015, *see* I-3 RAF, Tab 2.